IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**CYPRESS REAL ESTATE ADVISORS, INC.,**
**Plaintiff,**

**-vs-** Case No. A-09-CA-629-SS

**CYPRESS REALTY ADVISORS LLC,**
**Defendant.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Cypress Realty Advisors, LLC ("Defendant")'s Motion to Dismiss [#9], Plaintiff Stacy Cypress Real Estate Advisors, Inc. ("Plaintiff")'s Response thereto [#13], and Defendant's Reply [#17]. Having considered the motion, the response, the reply, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

### **Background**

Plaintiff filed suit in this Court on August 19, 2009, asserting trademark infringement claims against Defendant. Plaintiff claims Defendant provides identical services under the infringing mark without authorization in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1) and Texas state law. Plaintiff offers real estate acquisition, investment, development, and management services and has been doing business under the mark for five years. Defendant is a Delaware LLC formed in 2008. Defendant maintains a website featuring the disputed mark, and their primary office is in San Diego, California. On September 16, 2009, Defendant moved to dismiss the case for lack of personal

jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or to transfer for convenience.

## I. Personal Jurisdiction Standard of Review

Due process requires the Court to determine: (1) whether the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts'" with it; and (2) whether requiring the defendant to litigate in the forum state offends "traditional notions of fair play and substantial justice." *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant's conduct in connection with the forum state "must be such that he 'should reasonably anticipate being haled into court'" there. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"Minimum contacts" may be demonstrated by either a "general" or a "specific" personal jurisdiction analysis. Specific jurisdiction may be demonstrated by showing the plaintiff's cause of action relates to, or arises from, the nonresident defendant's contacts with the forum state. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624–25 (5th Cir. 1999); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). General jurisdiction, on the other hand, arises when "a defendant has sufficient 'continuous and systematic' general contacts with the state," regardless of whether those contacts relate to the plaintiff's causes of action. *Guidry*, 188 F.3d at 624; *Helicopteros*, 466 U.S. at 415 n.9.

In a motion to dismiss for lack of personal jurisdiction, the party asserting jurisdiction bears the burden of proof. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Because the Court has not conducted an evidentiary hearing regarding personal jurisdiction,

Plaintiff's burden is lessened so that it "must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). In deciding whether the Plaintiff has made out a prima facie case of personal jurisdiction, the Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* "Where facts are disputed, the plaintiff presenting a prima facie case is entitled to have the conflicts resolved in his favor." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).

## II. Application of Personal Jurisdiction Standard in this Case

### A. Minimum Contacts and General Jurisdiction

Plaintiff does not assert the Court has general jurisdiction over Defendant, and it is clear Defendant does not have "continuous and systematic" contacts with the state of Texas. Defendant is a Delaware limited liability company licensed to do business in San Diego, California. Defendant has asserted it does not have any significant presence in Texas and it is not domiciled there. Plaintiff has not argued otherwise. Rather, Plaintiff relies on the assertion that the Court has specific personal jurisdiction over Defendant.

### B. Minimum Contacts and Specific Jurisdiction.

The Court "must accept as true [Plaintiff's] uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd.*, 205 F.3d at 215. Plaintiff claims the Court has specific personal jurisdiction over Defendant by alleging (1) Defendant maintained a website accessible by Texans; (2) Defendant emailed promotional information to at least one business in Texas; and (3) Defendant used the

disputed mark in advertising read by at least one business in Texas. Significantly, these facts form the basis, if not the entirety, of Plaintiff's complaint.

Plaintiff's claims Defendant is using the disputed mark to persuade Plaintiff's customers, in Texas, to do business with Defendant. Specifically, Plaintiff asserts Defendant sent emails and promotional materials to Plaintiff's customers based in Texas. Accepting Plaintiff's allegations and deciding controverted fact issues in its favor, Defendant's email solicitations and advertising in Texas are sufficient to establish a prima facie case of specific jurisdiction. Defendant allegedly sought to avail itself of Texas consumers, apparently Plaintiff's consumers, and used the disputed mark in advertising directed toward Texas businesses. "A single act by the defendant directed at the forum state . . . can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993). Here, Plaintiff's cause of action directly arises from the nonresident Defendant's contacts with Texas. This is enough to establish specific personal jurisdiction. *See Guidry* 188 F.3d at 624–25.

## III. Defendant's Request Transfer under 28 U.S.C. § 1404(a)

### A. Legal Standard for Transfer

If the Court finds personal jurisdiction is proper in Texas, as it has, Defendant urges this case should nonetheless be transferred to the Southern District of California for convenience and in the interests of justice under 28 U.S.C. § 1404(a). Def.'s Mot. at 7. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart*

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). The Court must consider whether a transfer is convenient and in the interests of justice pursuant to § 1404(a). Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of showing good cause that a transfer of venue would be more convenient for the parties and witnesses and would be in the interest of justice. *See In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). "When the transferee forum is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*.

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the destination venue. *Id*. at 312. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interest of convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws.

*Volkswagen*, 545 F.3d at 315.

**B.     This Case Could Have Been Filed in Southern District of California**

As discussed above, the preliminary question is whether the suit could have originally been filed in the Southern District of California. Defendant asserts it would have been subject to personal jurisdiction in California, and there would still be diversity. Plaintiff does not dispute. The Court likewise agrees, on the facts alleged, the suit could have been commenced in the Southern District of California. Thus, the Court weighs the parties private interests in convenience and the public interests in the fair administration of justice to determine whether transfer is warranted.

**B.     Application of Private Interest Factors**

The private interest factors favor keeping the case in this Court. Defendant indicates there are at least two possible witnesses located in California. Def. Reply at 4-5. Further, all of the files related to the formation and marketing of Defendant are in San Diego, and indicates the bulk of evidence is likely to come from those documents. *Id.* at 5. Plaintiff however identifies two third-party witnesses located in the Western District of Texas and indicates its own documents are located in Austin. Pl. Resp. at 8. It is a close decision, but the private interest factors do not support transferring this case. Defendant is inconvenienced by continuing in this Court, Plaintiff would be inconvenienced by transferring the case to California. Transferring would thus merely shift the inconvenience from one party to the other, and this is not a sufficient basis warranting transfer. *See Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F.Supp.2d 1039, 1042 (S.D. Tex. 2007).

**C.     Application of Public Interest Factors**

The public interest factors likewise favor keeping the case in this Court. Notably, Defendant does not address any of these factors in its motion, although it does devote a paragraph to them in

its reply. Def. Reply at 5. Defendant argues since it was formed in San Diego the local interest should favor transfer. Defendant further argues while this Court is more familiar with Texas law, the Southern District of California is also capable. Finally, Defendant disputes Plaintiff's claim regarding the administrative difficulties of court congestion. Defendant argues the median time from filing to disposition is faster in San Diego even though the median time from filing to trial is faster in the Western District of Texas. *Id.*

Defendant's arguments misapply the factors. While Defendant may have been formed in San Diego, this suit is not primarily addressed to its corporate existence generally. Rather, Plaintiff is alleging Defendant took actions in Texas aimed at Plaintiff's customers. The actions giving rise to the cause are, therefore, local actions, occurring in Austin, Texas that would benefit from local resolution. The difficulties of court congestion do not tip the scale to transfer either. Defendant may be correct in asserting the time difference is "not a major distinction" between the Districts. As such, however, it does not shift the balance toward transfer, but merely justifies respecting the Plaintiff's choice of forum. *See In re Volkswagen*, 545 F.3d at 315. Finally, while the Court does not doubt the capability of the Southern District of California to interpret Texas law, this Court is undoubtedly more familiar with Texas law. While the Lanham Act violation is a federal law issue, the remaining four causes of action derive from Texas law. Even recognizing the ability of the Southern District of California to interpret Texas law, this also does not shift the balance toward transfer. At best, again, this indicates either venue would be acceptable and that is not sufficient to carry the Defendant's burden of showing good cause for transfer. *Id.* Thus, at least three of the four public interest factors weigh in favor of keeping the case in this Court. As a result, the Court finds that transfer to the Southern District of California would not be proper under 28 U.S.C. § 1404(a).

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Cypress Realty Advisors, LLC's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer [#9] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Alternative Motion to Abate Pending Jurisdictional Discovery [#12] is DISMISSED AS MOOT.

IT IS FINALLY ORDERED that Plaintiff's Motion for Extension of Time to File Reply [#16] is DISMISSED AS MOOT.

SIGNED this the 19th day of October 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE